

BLANK ROME, LLP
Attorneys for Plaintiff
STRATEGIC SHIPPING AND CHARTERING B.V.
Thomas H. Belknap, Jr. (TB-3188)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000
tbelknap@blankrome.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STRATEGIC SHIPPING AND CHARTERING B.V.,

    Plaintiff,

-against-

STONEBRIDGE OIL LTD. and STONEBRIDGE MARITIME SERVICES LIMITED,

    Defendants.

---

08 Civ.

**VERIFIED COMPLAINT**

Plaintiff, STRATEGIC SHIPPING AND CHARTERING B.V. ("Plaintiff"), by its attorneys Blank Rome, LLP, complaining of the above-named Defendants, STONEBRIDGE OIL LTD. and STONEBRIDGE MARITIME SERVICES LIMITED ("Defendants"), alleges upon information and belief as follows:

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has admiralty jurisdiction under 28 U.S.C. §1333.

2. At all material times, Plaintiff was and now is a foreign company with its principal offices in the Netherlands.

900200.00001/6641713v.1

3.  At all material times, Defendant STONEBRIDGE OIL LTD. ("SOL") was and is a foreign corporation or other business entity organized with its principal offices at 1st Floor, UNTL House, 53 Marina, Lagos, Nigeria, and with no place of business in the United States.

4.  At all material times, Defendant STONEBRIDGE MARITIME SERVICES LIMITED ("SMSL") was and is a foreign corporation or other business entity organized with its principal offices at 1st Floor, UNTL House, 53 Marina, Lagos, Nigeria, and with no place of business in the United States.

5.  By charter fixture recap dated on or about October 22, 2007, ("the Charter"), Plaintiff chartered the ocean-going cargo vessel M/T APRIL ("the Vessel") to Defendant SOL.

6.  In breach of the Charter, defendant SOL has to date wrongfully failed to pay charter hire and other associated costs in the amount of $710,491.63 due and owing pursuant to the Charter as detailed in plaintiff's invoice no. 999A-2008 dated May 22, 2008, copy attached hereto as Exhibit A, no part of which has been paid although presently due and owing and duly demanded.

7.  The Charter provides for arbitration of disputes in London. Plaintiff reserves it right to arbitrate the merits of this dispute pursuant to 9 U.S.C. § 8.

8.  Maritime Arbitrators in London routinely award interest, legal fees and arbitral costs to a successful party. Plaintiff estimates these recoverable costs and interest will be at least US$350,000.

9.  Notwithstanding that it is not the entity which chartered the Vessel from plaintiff and has no contractual relationship with plaintiff, defendant SMSL commenced a lawsuit in the Federal High Court, Holden at Lagos, against, *inter alia*, plaintiff and the Vessel, alleging that it

chartered the Vessel from plaintiff and alleging various breaches and claiming damages of 21 million Nigerian Naira (about US$180,000).

10. In connection with that action, SMSL obtained an order of arrest of the Vessel and had the Vessel detained in respect of its claims referenced above. The Vessel presently remains under arrest pursuant to those proceedings.

11. In the Nigerian action, plaintiff has asserted a counterclaim against SMSL alleging that the arrest was wrongful and without basis in law or fact.

12. In its counterclaim, plaintiff alleges damages of US$1,000,000; however, in the meantime further costs and expenses have accrued and/or are reasonably anticipated. Accordingly, plaintiff's claim in this respect is more accurately stated as US$1,300,000 at present.

13. Defendants SOL and SMSL are alter egos of each other such that their respective corporate veils should be pierced and each should be found fully liable for the debts and obligations of the other.

14. In particular, Defendants SOL and SMSL have ignored corporate formalities and have transacted business at other than arms length with each other, including paying each other's financial obligations without adequate consideration therefore. Specifically, for instance, defendant SMSL made payments to plaintiff in respect of its charter with SOL on at least two instances (including on February 29, 2008 and/or March 11, 2008) even though SMSL is not the charterer of the Vessel, has no contractual relationship with plaintiff, and on information and belief received no consideration from SOL for so doing.

15. Additionally, defendant SMSL has commenced a lawsuit in its own name in Nigeria against plaintiff in respect of the Vessel, alleging it is the charterer thereof when in fact

its alter ego SOL is the true charterer and SMSL has no direct contractual relationship with plaintiff.

16.     Defendants share the same business address and, on information and belief, have overlapping officers, directors and shareholders.

17.     In sum, defendants are alter egos of each other and are thereby fully liable for the debts and obligations alleged herein.

18.     Accordingly, the total amount of Plaintiff's claims for which Plaintiff requests issuance of Process of Maritime Attachment and Garnishment against the defendants is **US$2,360,491.63**.

19.     Defendants cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Plaintiff believes that Defendants will have property or assets, in the form of electronic funds transfers or otherwise, in the hands of garnishees in this District during the pendency of this action because defendants conduct business internationally in U. S. Dollars, and all cross-border electronic fund transfers pass through intermediary banks in the United States, primarily in New York.

**WHEREFORE**, Plaintiff prays:

A.     That process in due form of law issue against the Defendants, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B.     That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims, attaching all of Defendants'

tangible or intangible property or any other funds held by any garnishee in the district which are due and owing or otherwise the property of the Defendant up to the amount of **US$2,360,491.63** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

      C.      That this Court enter judgment for Plaintiff's damages plus interest and costs, or retain jurisdiction over this matter through the entry of a judgment on an arbitration award.

      D.      That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: New York, NY
       May 29, 2008

                          Respectfully submitted,
                          BLANK ROME, LLP
                          Attorneys for Plaintiff
                          STRATEGIC SHIPPING AND CHARTERING B.V.

                          By _____
                               Thomas H. Belknap, Jr. (TB-3188)
                          405 Lexington Ave.
                          New York, NY 10174-0208
                          (212) 885-5000
                          tbelknap@blankrome.com

## VERIFICATION

STATE OF NEW YORK     )
                      : ss.:
COUNTY OF NEW YORK    )

Thomas H. Belknap, Jr., being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Blank Rome LLP, attorneys for the Plaintiff.

2. I have read the foregoing Complaint and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.

_____
Thomas H. Belknap, Jr.

Sworn to before me this
29th day of May, 2008

_____
Notary Public

**KARL V. REDA**
Notary Public, State of New York
No. 30-4783126, Qual. in Nassau Cty.
Certificate Filed in New York County
Commission Expires Nov 30, 2009

900200.00001/6641713v.1

6

BLANK ROME, LLP
Attorneys for Plaintiff
STRATEGIC SHIPPING AND CHARTERING B.V.
Thomas H. Belknap, Jr. (TB-3188)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000
tbelknap@blankrome.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STRATEGIC SHIPPING AND CHARTERING B.V., | 08 Civ. |
| Plaintiff, | **AFFIDAVIT UNDER SUPPLEMENTAL RULE B** |
| -against- | |
| STONEBRIDGE OIL LTD. and STONEBRIDGE MARITIME SERVICES LIMITED, | |
| Defendants | |

STATE OF NEW YORK   )
                    )  ss:
COUNTY OF NEW YORK  )

   THOMAS H. BELKNAP, JR., being duly sworn, deposes and says:

   1.   I am a member of the Bar of this Honorable Court and a member of the firm of Blank Rome, LLP, attorneys for the Plaintiff herein. I am familiar with the circumstances of the complaint and submit this affidavit in support of Plaintiff's request for the issuance of process of maritime attachment and garnishment of the property of defendants, STONEBRIDGE OIL LTD. and STONEBRIDGE MARITIME SERVICES LIMITED ("Defendants"), foreign corporations,

pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

2.    Defendants are parties to a maritime contract of charter party and are foreign corporations with no offices or places of business within this judicial district.

3.    Under my supervision, my office did a search of the New York State Secretary of State, Division of Corporations, the Transportation Tickler, telephone assistance, and a general internet search.

4.    In our search, we did not find any listing or reference to Defendants in this judicial district or the state of New York. In the circumstances, I believe Defendants cannot be found within this district.

_____
THOMAS H. BELKNAP, JR.

Sworn to before me this
29th day May, 2008

_____
Notary Public

KARL V. REDA
Notary Public, State of New York
No 30-4783126, Qual. in Nassau Cty.
Certificate Filed in New York County
Commission Expires Nov-30, 2009

2

# Strategic Shipping & Chartering b.v

Messrs. Stonebridge
Nigeria
c/o
SSB Trade Corp.
Luxemburg

Our Ref:     S 2007/149
Date:        22.05.2008
Invoice No:  999A – 2008

## Hire Invoice

Ref: MT " APRIL " / cp dated 19-10-07 / Account Messrs. Stonebridge

| | |
|---|---|
| Communication costs 1st hire period (25.10.07 / 24.11.07) | Usd.     2.500,00 |
| Bunkers on delivery | Usd. 218.790,00 |
| Communication costs 2nd hire (24.11.07 / 24.12.07) | Usd.     2.500,00 |
| Balance 3rd hire incl communication costs (24.12.07 / 23.01.08) | Usd.   51.535,82 |
| Communication costs 4th hire incl. bank costs (23.01.08 / 22.02.08) | Usd.     2.532,71 |
| Communication costs 5th hire incl. bank costs (22.02.08 / 23.03.08 | Usd.     2.623,96 |
| Communication costs 6th hire incl. bank costs (23.03.08 / 22.04.08) | Usd.     2.607,14 |
| Bunkers supplied for account Stonebridge | Usd.   33.750,00 |
| 7th Hire period (22.04.08 / 22.05.08) | Usd. 296.500,00 |
| 8th Hire period till 28.05.08 | Usd.   49.000,00 |
| Hire pontoon/barge | Usd.   12.500,00 |
| Bunkers supplied for account Stonebridge | Usd.   35.652,00 |
| **Total due** | **Usd 710.491,63** |

**Please remit the amount of Usd 613.339,63 to:**
----------------------------------------------------------
Abn – Amrobank N.V. , Spijkenisse. The Netherlands
Usd Account no. 54.12.27.467
Swift no. ABN ANL 2R
Iban  no. NL 44 ABNA 0541227467
In favour of Strategic Shipping & Chartering B.V.
Ref: mt " April " / acc. Messrs. Stonebridge / Outstandings till 28.05.08